UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ARTIE J. ALLEN,                    :      CIVIL NO. **1:07-CV-01516**
                                   :
            Plaintiff              :      (Judge Conner)
                                   :
        v.                         :      (Magistrate Judge Smyser)
                                   :
WEIS MARKETS, INC.,                :
TIM WOODITCH,                      :
UNKNOWN EMPLOYEE NO.1,             :
UNKNOWN EMPLOYEE NO.2,             :
MATTHEW B. CLAEYS,                 :
CUMBERLAND COUNTY JAIL (WARDEN),:
and TWO UNKNOWN EMPLOYEES,         :
                                   :
            Defendants             :


**REPORT AND RECOMMENDATION**


I. Background and Procedural History.


        The plaintiff, a state prisoner proceeding *pro se*,

commenced this 42 U.S.C. § 1983 action by filing a complaint on

August 17, 2007.


        The complaint names the following as defendants: Weis

Markets, Inc. (Weis Markets); Tim Wooditch, a manager at Weis

Markets; Unknown Employee No. 1, an employee of Weis Markets;

Unknown Employee No. 2, an employee of Weis Markets; Matthew B.
Claeys, a police officer with the Lower Allen Township Police
Department; the Warden of the Cumberland County Jail; and two
unknown employees of the Cumberland County Jail.

     The plaintiff alleges the following facts in his
complaint.  On April 21, 2006, while shopping at a Weis Markets
store in Cumberland County, the plaintiff was approached by
defendant Wooditch.  Defendant Wooditch told the plaintiff that
he knows who he is and that "if you came in here to steal, you
got another thing coming, Buddy."  The plaintiff responded:
"Man, ain't no body trying to steal, I'm paying for my shit."
Defendant Wooditch then asked to see the plaintiff's money.
The plaintiff responded that nobody else has to show their
money before paying for their items and that he will show his
money to the clerk when he goes to the cash register.  More
words were exchanged.  Defendant Wooditch asked the plaintiff
if he had anything, and the plaintiff responded "no" and tried
to walk away.

When the plaintiff turned around to walk away, defendant Wooditch jumped on his back.  The plaintiff fell face first to the floor and smashed his face.  Two Weis Markets employees ran over and, along with defendant Wooditch, began to kick the plaintiff.  They kicked the plaintiff in his face and body and cussed at him.  The plaintiff tried to get away, but one of the defendants hit him in the head with a set of metal keys which knocked one of the plaintiff's front teeth out.  The plaintiff was bleeding, was in pain, and was dizzy.  He tried to get away again, but defendant Wooditch grabbed him, put him in a headlock and began twisting his head.  The plaintiff thought that his neck would break and he struggled for his life.  One of the unknown employees told the other to grab the plaintiff's legs.  Defendant Unknown Employee No. 2 grabbed the plaintiff's legs from under him and caused him to fall back on the floor.  The plaintiff hit his head and neck on the hard floor.  While on the floor, the plaintiff was beat with a metal flash light and metal keys.  The plaintiff was stomped on by all three employees.  The plaintiff just balled up on the floor to save his life.  The plaintiff suffered bruises to his face,

3

head, back, arms, legs, groin, stomach, chest, hands, feet, neck, ribs, hips and his front tooth was knocked out and lost.

Defendant Weis Markets intentionally covered up the scene by washing away the blood before any photographs could be taken of the area.  Defendant Weis Markets intentionally dismissed all customers/witnesses before their statements could be taken by the police.  Defendant Weis Markets intentionally hid or destroyed any video surveillance tapes, which would have shown that the attack on the plaintiff was unprovoked.

Defendant Claeys arrived on the scene at Weis Markets. The Weis Markets employees lied to defendant Claeys and said that the plaintiff was trying to steal from the store. However, the plaintiff never left the store or tried to leave the store until after he was attacked.  The plaintiff explained that he was unjustly attacked.  Nevertheless, the plaintiff was arrested and charged with felony retail theft.  Defendant Claeys failed to interview or question the witnesses in the plaintiff's favor.  At a subsequent hearing on the retail theft

4

charge, defendant Claeys told the plaintiff that the Weis
Markets defendants have a history of attacking suspected
shoplifters and that he is not the first person that they beat
down.

        After arresting the plaintiff at the Weis Markets,
defendant Claeys took the plaintiff to the Cumberland County
Jail.  By taking the plaintiff to the jail rather than to the
emergency room of the hospital, defendant Claeys increased the
plaintiff's pain and suffering.  Also, had defendant Claeys
allowed the plaintiff to get his tooth off the floor, a doctor
or dentist may have been able to save the tooth.  Upon arrival
at the jail, the plaintiff was so injured and bloody that the
jail would not accept him.  The plaintiff was then taken to the
hospital.  X-rays at the hospital showed that the plaintiff
suffered a herniated disc in his neck.  After the hospital, the
plaintiff was taken back to the Cumberland County Jail.

        Upon his arrival back at the Cumberland County Jail,
the plaintiff was seen by a medical doctor who examines

incoming inmates.  At the time, the plaintiff's face was
obviously swollen.  The plaintiff was questioned by the doctor
about his injuries, and the plaintiff explained that he was
beaten at the Weis Markets.  The plaintiff explained that his
tooth and body had been injured.  The plaintiff also explained
that the doctor that had treated him at the hospital prescribed
various pain medications.  The plaintiff showed the doctor the
medication he had received from the hospital.  The doctor took
the medication away from the plaintiff.  The plaintiff asked
from some type of medication to be given in place of the
medication taken away, but the doctor refused.  The plaintiff
asked if he would get his medication when needed and the doctor
said "no."

     The plaintiff asked the doctor for bottom bunk status
due his neck injury.  The doctor refused.  It was very painful
for the plaintiff to get on and out of his bunk.  Eventually,
the plaintiff fell from his top bunk.  No medical attention was
given to the plaintiff even though he asked for it several
times.  The plaintiff was eventually moved to another cell.

The plaintiff asked a block officer for a grievance form and was told that Cumberland County does not have a grievance system.  The plaintiff needlessly suffered pain for four days.

The plaintiff suffers pain from the attack and he can not exercise due to his neck and spinal pain.  He is faced with medical bills and a deteriorating condition.

The plaintiff is seeking compensatory and punitive damages.

On January 9, 2009, the case was referred to the undersigned magistrate judge for pretrial management.  There are three motions to dismiss pending in this case.  This Report and Recommendation addresses those motions.

II. Motion to Dismiss Standard.

A motion to dismiss pursuant to Rule 12(b)(6)
challenges the legal sufficiency of the plaintiff's complaint;
the court must decide whether, even if the plaintiff were able
to prove all of his allegations, he would be unable to prevail.
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891
(3d Cir. 1977).  When deciding a motion to dismiss, the court
must accept all material allegations of the complaint as true
and draw all inferences in the light most favorable to the
plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp.
439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of
law, unsupported conclusions and unwarranted inferences need
not be accepted as true." *Id*. at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only
'a short and plain statement of the claim showing that the
pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct.
2197, 2200 (2007).  Detailed factual allegations are not
required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964
(2007).  However, more is required than labels, conclusions and
a formulaic recitation of the elements of a cause of action.
*Id.* at 1965.  "Factual allegations must be enough to raise a
right to relief above the speculative level." *Id*.  Stating a
claim requires a complaint with enough factual matter to

8

suggest the required elements of a claim. *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008).  However, "this 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* (quoting *Twombly*, *supra,* 127 S.Ct. at 1965).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra.,* 127 S.Ct. at 2200.  The "notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 127 S.Ct. at 2200 (2007)(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

9

A. Motion of Defendants Weis Markets, Wooditch, Unknown Employee No.1 and Unknown Employee No. 2.

Defendants Weis Markets, Wooditch, Unknown Employee No. 1 and Unknown Employee No. 2 (Weis Markets defendants) filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction.  The moving defendants argue that the plaintiff's claims against them do not arise under the Constitution, laws or treaties of the United States and that therefore the court does not have federal question jurisdiction.  They also agues that because there is not complete diversity the court does not have diversity jurisdiction.

The plaintiff used the standard form for a prisoner filing a civil rights complaint, and he checked the box indicating that his complaint was brought pursuant to 28 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section

1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff alleges that the Weis Markets defendants violated his Eighth Amendment rights by using excessive force on him.

This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 so long as the plaintiff alleges that the defendants' actions violate federal law. *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897 (3d Cir. 1987). "Once the plaintiff has met this threshold pleading requirement, however, the truth of the facts alleged in the complaint is a question on the merits, as is the legal question whether the facts alleged establish a violation." *Id.* at 897-98. In limited circumstances, courts may "dismiss a claim for lack of jurisdiction if the federal claim is 'made solely for the

11

purpose of obtaining jurisdiction' or if the claim is 'wholly insubstantial and frivolous.'" *Id.* at 898 (quoting *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)).  "These exceptions do not permit a court to prejudge the facts alleged in the complaint, however, for a court may dismiss for lack of jurisdiction only if claims are 'insubstantial on their face.'" *Id.* at 898 (quoting *Hagans v. Lavine,* 415 U.S. 528, 542 n. 10 (1974)). "Moreover, dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 899 (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666 (1974)).

    The plaintiff does not allege that the Weis Markets defendants acted under color of state law.  However, whether the defendants acted under color of state law is not a jurisdictional question. *Kulick, supra,* 816 F.2d at 899. Rather, it is a question that goes to the merits of the plaintiff's constitutional claim. *Id.*  Accordingly, we conclude that the complaint should not be dismissed as to the Weis Markets defendants for lack of subject-matter jurisdiction.

Although we will not recommend that the claims against the Weis Markets defendants be dismissed for lack of subject-matter jurisdiction, we will recommend that the claims against the Weis Market defendants be dismissed for failure to state a claim upon which relief can be granted.  The plaintiff has not alleged that the Weis Markets defendants acted under color of state law.  Nor has the plaintiff alleged facts from which it can reasonably be inferred that the Weis Markets defendants acted under color of state law.  Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim against the Weis Market defendants upon which relief can be granted.

Although the plaintiff does not allege in the complaint that the Weis Market defendants acted under color of state law, in a brief (doc. 24) in opposition to the motion to dismiss the plaintiff intimates that the Weis Market defendants were acting under color of state law because they were participants in a joint activity with persons acting under color of law in that defendants Unknown Employee No. 1 and Unknown Employee No. 2 were security guards and security guards are often licensed by the state to carry firearms.

13

The court should grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). We will not recommend that the plaintiff be given leave to amend his complaint because it appears that amendment would be futile. Although the plaintiff asserts in conclusory terms that the defendants were participants in joint activity and acted in concert, he has not asserted any basis for such an assertion. The fact that two of the Weis Markets defendants may have been security guards does not raise a reasonable inference that they were acting under color of state law. "Private security guards can, in some circumstances, act under color of state law." *Stukes v. Knowles,* 229 Fed.Appx. 151, 153 n.2 (3d Cir. 2007). In the shoplifting context, a private employee of a store does not act under color of state law unless: 1) the police have a pre-arranged plan with the store; and 2) under the plan the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause. *Cruz v. Donnelly,* 727 F.2d 79, 81 (3d Cir. 1984). However, the mere fact that the defendants were security guards and may have been licensed to carry a firearm is not sufficient to support a reasonable inference that they were acting under color of state law when they

14

allegedly used excessive force on the plaintiff.  Accordingly,
we will not recommend that the plaintiff be granted leave to
amend his complaint with respect to the Weis Markets
defendants.[1]

        B.  Motion of Defendant Claeys.

        The plaintiff claims that defendant Claeys violated his
constitutional rights by initially taking him to the jail

_____

1.  The plaintiff also asserts in his brief that he is bringing
state law claims under the court's supplemental jurisdiction.
Pursuant to 28 U.S.C. § 1367, the court has supplemental
jurisdiction over claims that are so related to claims in the
action within the court's original jurisdiction that they form
part of the same case or controversy under Article III of the
United States Constitution.  Under § 1367, the following is
required: 1) the federal claims must have substance sufficient
to confer subject-matter jurisdiction; 2) the state and federal
claims must derive from a common nucleus of operative facts;
and 3) the plaintiff's claims must be such that he would
ordinarily be expected to try them all in one judicial
proceeding. *Pryzbowski v. U.S. Healthcare, Inc.,* 245 F.3d 266,
275 (3d Cir. 2001).  The complaint does not plead any state law
claims.  We will not recommend that leave to amend be granted
for the plaintiff to plead state law claims against the Weis
Markets defendants because it does not appear that any state
law claims against the Weis Markets defendants would derive
from a nucleus of operative facts in common with the federal
claims against the remaining defendants.

rather than to the emergency room of the hospital.   The
plaintiff alleges that this increased his pain and suffering.


        The plaintiff cites the Eighth Amendment.   However,
since it does not appear that the plaintiff was a convicted
prisoner at the time, the Eighth Amendment is not applicable.
*Natale v. Camden County Correctional Facility,* 318 F.3d 575,
581 (3d Cir. 2003)(stating that the Eighth Amendment applies
only after the State has secured a formal adjudication of guilt
in accordance with due process of law).   The Due Process Clause
rather than the Eighth Amendment is applicable in this case.
*Boring v. Kozakiewicz,* 833 F.2d 468, 471 (3d Cir.
1987)("Pretrial detainees are not within the ambit of the
Eighth Amendment but are entitled to the protections of the Due
Process clause.").   "The Due Process clause requires the
government to provide appropriate medical care." *Id.*

        The due process rights of a pretrial detainee is "at
least as great" as the Eighth Amendment protections to which a
convicted prisoner is entitled. *City of Revere v. Massachusetts
General Hospital*, 463 U.S. 239, 244 (1983).   Without

determining how much more protection, if any, a pretrial detainee is entitled to above the protection provided to a convicted prisoner, the United States Court of Appeals for the Third Circuit has applied the standards enunciated in Eighth Amendment cases to medical claims by pretrial detainees. *See Boring, supra,* 833 F.2d at 473; *Natale, supra,* 318 F.3d at 581. *But see Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005)(reversing and remanding grant of summary judgment to prison officials on pretrial detainee's conditions-of-confinement claim because the district court improperly analyzed the claim under the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment).

Borrowing from the Eighth Amendment standard, in order for the plaintiff to state a viable medical care claim he must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995)("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

17

Construing the complaint liberally, accepting the allegations in the complaint as true and drawing all inferences in the light most favorable to the plaintiff, we conclude that the complaint states a due process medical claim against defendant Claeys upon which relief can be granted.  The plaintiff has alleged that he had serious medical needs - that he was bruised and that he had a herniated disc.  He also alleges that he was so injured and bloody that the jail would not accept him.  In many instances an officer taking an injured arrested person to jail rather than to the hospital can not be seen as deliberately indifferent to the serious medical needs of the arrested person given that the jail has a duty to provide medical care to detainees.  However, when an injured arrested person's injuries are so great that it is obvious that the person needs emergency medical care, it may be deliberately indifferent to take the person to the jail rather than the hospital.  In this case, the plaintiff alleges that he was so injured and bloody that the jail would not accept him.  He also alleges that the delay caused by taking him initially to the jail rather than to the hospital increased his pain and suffering.  The plaintiff has alleged facts from which a reasonable inference of deliberate indifference on the part of

18

defendants Claeys can be drawn.[2]  Accordingly, we conclude that the complaint state a due process medical claim upon which relief may be granted against defendant Claeys.

C.  Motion of Defendant Reitz.

The plaintiff named as a defendant the Warden of the Cumberland County Jail.  The Warden is Warden Reitz.

Defendant Reitz contends that the complaint fails to state a claim upon which relief can be granted against him because the plaintiff has not alleged personal involvement on his part.

"[A] defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. Ex. Rel. Z.H. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).  "There is no vicarious, respondeat superior liability under § 1983." *Id.* at

---

2.  The plaintiff also claims that by failing to interview or question the witnesses in his favor defendant Claeys deprived him of his constitutional right to present witnesses or evidence in his favor.  Defendant Claeys did not address this claim in his motion to dismiss.

19

202.  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The complaint must contain averments of the involvement of the defendant in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action against supervisory officials requires allegations that the defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The complaint contains no allegations regarding defendant Reitz.  The plaintiff has not alleged personal involvement on the part of defendant Reitz in the conduct which he claims violated his constitutional rights.  Accordingly, the complaint fails to state a claim upon which relief can be granted against defendant Reitz.

Although the plaintiff fails to allege personal involvement on the part of defendant Reitz in his complaint, in a brief in opposition to defendant Reitz's motion to dismiss

20

the plaintiff states that he sent an inmate request slip to defendant Reitz and that he personally spoke with defendant Reitz.  Given the statements by the plaintiff in his brief, it will be recommended that the plaintiff be granted leave to file an amended complaint to attempt, if appropriate[3], to plead personal involvement on the part of defendant Reitz and a claim against defendant Reitz upon which relief can be granted.

We note that defendant Reitz also argues that the complaint fails to state a medical claim against him upon which relief can be granted because a non-physician prison administrator can not be deliberately indifferent to an inmate's medical needs when the inmate is already receiving treatment from the prison's medical staff.

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d

_____

3.  Federal Rule of Civil Procedure 11 requires *inter alia* that allegations in a pleading "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Sanctions may be imposed for violations of Rule 11.

Cir. 1993).  "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Given that we have already concluded that the complaint fails to state a claim upon which relief can be granted against defendant Reitz because the plaintiff has not alleged personal involvement on the part of defendant Reitz, we need not address the argument by defendant Reitz that the complaint fails to state a claim against him upon which relied can be granted because he is a non medical prison administrator and the plaintiff was already being treated by medical staff.  The plaintiff, however, should be aware of the issue in deciding whether or not to file an amended complaint.

IV. Recommendations.

Based on the foregoing, it is recommended that the motion (doc. 19) to dismiss filed by the Weis Markets

22

defendants (defendants Weis Markets, Inc, Wooditch, Unknown Employee No. 1 and Unknown Employee No. 2) be granted and that the claims against these defendants be dismissed for failure to state a claim upon which relief can be granted.  It is further recommended that the motion (doc. 15) to dismiss filed by defendant Claeys be denied.  It is further recommended that the motion (doc. 9) to dismiss filed by defendant Reitz be granted. It is recommended that the plaintiff be granted leave to file an amended complaint.[4]  Finally, it is recommended that the case be remanded to the undersigned for further proceedings.

                                        /s/ J. Andrew Smyser
                                        J. Andrew Smyser
                                        Magistrate Judge
Dated:  February 5, 2009.

---

4.  We note for the plaintiff's benefit that an amended complaint generally completely replaces an original complaint. Thus, any amended complaint must be complete in all respects and must contain all of the plaintiff's claims that have not been dismissed with prejudice.  However, in order to preserve appellate rights an amended complaint need not reassert claims which have been dismissed if repleading the claims would be futile. *See United States ex rel. Atkinson v. PA Shipbuilding Co.,* 473 F.3d 506, 516 (3d Cir. 2007).  We have recommended that the plaintiff not be granted leave to amend with respect to the claims against the Weis Markets defendants because such amendment would be futile.  Thus, if the district court adopts that recommendation, any amended complaint need not and should not contain claims against the Weis Markets defendants.

23