# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTIE J. ALLEN,** | : | CIVIL ACTION NO. 1:07-CV-1516 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **WEIS MARKETS, INC.,** | : | |
| **TIM WOODITCH,** | : | |
| **UNKNOWN EMPLOYEE NO. 1,** | : | |
| **UNKNOWN EMPLOYEE NO. 2,** | : | |
| **MATTHEW B. CLAEYS,** | : | |
| **CUMBERLAND COUNTY** | : | |
| **JAIL (WARDEN),** | : | |
| **and TWO UNKNOWN EMPLOYEES,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the report of the magistrate judge (Doc. 34), recommending that the motion to dismiss (Doc. 15) of defendant Police Officer Matthew B. Claeys be denied, that the motion to dismiss (Doc. 19) of defendants Weis Markets, Tim Wooditch, and Unknown Employees Nos. 1 and 2 be granted with prejudice, and that the motion to dismiss (Doc. 9) of defendant Warden Earl F. Reitz[1] be granted with leave to amend. For the reasons that follow, the magistrate judge's report will be adopted in part and rejected in part, and *pro se* plaintiff will be permitted to file an amended complaint against all defendants.

---

[1] Reitz is the warden of the Cumberland County Prison and appears in the complaint as "Cumberland County Jail (Warden)." (Doc. 1 at 1.)

A.  **Summary of Facts**

Plaintiff alleges that he was shopping in a grocery store operated by Weis Markets on the evening of April 21, 2006, when he was confronted by defendant Tim Wooditch ("Wooditch"), the store's manager. (Doc. 1 ¶ 1, at 4.) Wooditch allegedly accused plaintiff of shoplifting and asked him "if he had anything," referring to store merchandise that Wooditch suspected plaintiff may have been concealing. (Id.) Plaintiff contends that he tried to leave the store when Wooditch "jumped on his back," causing him to fall to the floor face first. (Id.) At this point, plaintiff alleges that Wooditch and two unidentified security guards assailed him. (Id.; Doc. 24 at 1.) Plaintiff's front tooth was dislodged as a result of this altercation, and he was injured and bloodied during the incident. (Id.) Defendant Police Officer Michael Claeys ("Claeys") responded to the scene and arrested plaintiff for suspected theft. (Id. ¶ 2, at 4.) At the time Claeys arrived at the store, plaintiff alleges that he was visibly injured and bleeding, yet the officer did not obtain medical treatment for him. Instead Claeys immediately transported plaintiff to the Cumberland County Prison. (Id.) Upon arrival, prison officials purportedly would not admit plaintiff because of his "abused condition," and Claeys took plaintiff to the Carlisle Hospital for medical treatment before returning him to prison. (Id.) Plaintiff alleges that prison medical staff denied him medical care upon his arrival, causing him further pain and suffering (Id. ¶¶ 14-21, at 6.)

2

**B. Discussion**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations made by the plaintiff as true, and determine whether such allegations raise a plausible right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Plaintiff's complaint alleges that Wooditch and two unidentified security guards violated his Fourth Amendment rights by using excessive force against him. However, he fails to allege that they did so while acting under the color of state law.[2] While plaintiff asserts that two of these individuals were security guards, this fact alone is insufficient to establish state action. See Edmonson v. Leesvill Concrete Co., 500 U.S. 614, 632 (1991) ("At base, constitutional standards are invoked only when it can be said that the [government] is responsible for the specific conduct of which the plaintiff complains."); see also Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-937 (1982). Therefore, plaintiff has failed to allege that Weis Market, Wooditch, and the two security guards were state actors.

Nevertheless, private employees and security guards may become state actors if "(1) the police have a pre-arranged plan with the store [in which the

---

[2]"To establish [a] valid claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that the defendants, while acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States." See Mark v. Borough of Hartboro, 51 F.3d 1137, 1141 (3d Cir. 1995); see also Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005).

3

security guard is employed], and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." Cruz v. Donnelly, 727 F.2d 79, 81 (3d Cir. 1984); see also Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) ("To act 'under color of law' does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents."). Plaintiff's complaint contains no allegation that such a relationship existed between Weis Markets and the local police department. However, it is presently unclear whether plaintiff could plead facts sufficient to raise a plausible inference that the security guards acted pursuant to an agreement with municipal authorities that rendered them state actors.[3] The court will grant plaintiff leave to amend for the purpose of setting forth any facts known to plaintiff from which an inference of such an agreement could be drawn.

---

[3] The accepted rule within the Third Circuit is to afford a *pro se* litigant such as plaintiff herein leave to amend when it is possible that the plaintiff may rectify any defective pleading. See Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453-454 (3d Cir. 1996) (holding that a *pro se* litigant must be given leave to amend a complaint when doing so may potentially cure any defects therein); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

Plaintiff advances a claim against Claeys for deliberate indifference to serious medical needs.[4] See Estelle v. Gamble, 429 U.S. 97, 104-106 (1976). Plaintiff has alleged that Claeys arrived on the scene to find plaintiff injured and bloodied. (Doc. 1 ¶ 2 at 4.) The altercation allegedly resulted in dislodgment of plaintiff's front tooth. (Id. ¶ 1, at 4.) Despite the obvious injuries plaintiff allegedly suffered, Claeys did not pursue prompt medical treatment of the injuries but rather escorted plaintiff directly to prison. (Id. ¶ 2, at 4.) Plaintiff alleges that Claeys further "increased his pain and suffering" by failing to take him to the emergency room immediately following his arrest. (Id. ¶ 8, at 5.) Upon their arrival at the prison, staff members would not accept plaintiff in his "abused condition," and directed Claeys to first take plaintiff to the hospital for medical treatment. (Id. ¶ 2, at 4.) In light of plaintiff's allegations of physical injuries, the prison's alleged refusal to

---

[4]The Fourteenth Amendment imposes on local governmental actors the duty to abstain from "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See Simmons v. Philadelphia, 947 F.2d 1042, 1067 (3d Cir. 1991) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Deliberate indifference requires a sufficiently culpable state of mind, such as 'reckless[ ] disregard[ ]' to a substantial risk of serious harm to a prisoner." Hakeem v. Salaam, 260 F. App'x 432, 434 (3d Cir. 2008) (citing Farmer v. Brennan, 511 U.S. 825, 834, 836 (1994)). For example, a defendant acts with deliberate indifference when the defendant "(1) den[ies] reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, (2) delay[s] necessary medical treatment for nonmedical reasons, (3) erect[s] arbitrary and burdensome procedures that result in interminable delays and outright denials of care, or (4) prevent[s] an inmate from receiving recommended treatment for serious medical needs, or den[ies] access to a physician capable of evaluating the need for treatment." Cooleen v. Lamanna, 248 F. App'x 357, 360 (3d Cir. 2007).

5

accept plaintiff in his injured state, and defendant's purported failure to seek medical assistance on behalf of plaintiff, the court finds that plaintiff has sufficiently stated a claim of deliberate indifference by Claeys. Therefore, Claeys's motion to dismiss will be denied.

Finally, plaintiff advances a supervisory liability claim against defendant Earl F. Reitz ("Reitz"), the warden of Cumberland County Prison. Reitz contends that he was not personally involved in the harm of which plaintiff complains. (Doc. 1.) There is "no vicarious, *respondeat superior* liability under 42 U.S.C. § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Therefore, in order to state a claim upon which relief can be granted, plaintiff must show that Reitz either personally directed the alleged constitutional violations or possessed actual knowledge of them and acquiesced to them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Although allegations of personal knowledge by Reitz are absent from plaintiff's original complaint, his reply brief states that Reitz knew of the inadequate medical care he received in prison. (Doc. 10 ¶¶ 1, 6 at 1.) Plaintiff's reply brief further states that he notified Reitz of the alleged violations of his constitutional rights by prison medical staff, but that Reitz failed to remedy the infractions. (Id.) Such allegations may establish personal involvement in the alleged constitutional deprivations; however, they must appear in the complaint. Plaintiff may not establish a right to relief by setting forth his allegations in

6

successive piecemeal filings.  See Hummel v. Prime Care, No. 1:08-CV-1567, 2009 WL 813976, at *1 (M.D. Pa. Mar. 27, 2009).  The Court will therefore dismiss the claims against Reitz but allow plaintiff to file an amended pleading for the purpose of placing averments of Reitz's personal involvement in his complaint.

**C.    Conclusion**

Plaintiff has sufficiently stated a claim against Claeys but fails to state a claim against the Weis Market defendants and Reitz.  Plaintiff will be granted leave to file an amended complaint to cure the pleading defects described herein.

An appropriate order is attached.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       May 6, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTIE J. ALLEN**, | : | CIVIL ACTION NO. 1:07-CV-1516 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WEIS MARKETS, INC.,** | : | |
| **TIM WOODITCH,** | : | |
| **UNKNOWN EMPLOYEE NO. 1,** | : | |
| **UNKNOWN EMPLOYEE NO. 2,** | : | |
| **MATTHEW B. CLAEYS,** | : | |
| **CUMBERLAND COUNTY** | : | |
| **JAIL (WARDEN),** | : | |
| **and TWO UNKNOWN EMPLOYEES,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 6th day of May, 2009, upon consideration of the report of the magistrate judge (Doc. 34), and of the motions to dismiss (Docs. 9, 15, 19), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 34) is ADOPTED in part and REJECTED in part as follows:

    a. The report (Doc. 34) is REJECTED to the extent that it recommends that plaintiff be denied leave to file an amended complaint against defendants Weis Markets, Inc., Tim Wooditch, Unknown Employee No. 1, and Unknown Employee No. 2 (collectively "the Weis Market defendants").

    b. The report (Doc. 34) is ADOPTED in all other respects.

2. The motion to dismiss (Doc. 9) filed by Earl F. Reitz ("Reitz") is GRANTED. Plaintiff shall be permitted to file an amended complaint in accordance with Paragraph 5.

3. The motion to dismiss (Doc. 15) filed by Matthew B. Claeys is DENIED.

4. The motion to dismiss (Doc. 19) filed by the Weis Market defendants is GRANTED. Plaintiff shall be permitted to file an amended complaint in accordance with Paragraph 5.

5. Plaintiff shall be permitted to file an amended complaint on or before June 10, 2009 for the purpose of setting forth additional facts pertinent to his claims against the Weis Markets defendants and against Reitz. In the absence of a timely amended complaint, only those claims against defendants Claeys and Two Unknown Employees of the Cumberland County Prison shall proceed.

6. The above-captioned matter is REMANDED to the magistrate judge for further proceedings.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge