UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTIE J. ALLEN,                        :        CIVIL NO. **1:07-CV-01516**
                                       :
            Plaintiff                  :        (Judge Conner)
                                       :
      v.                               :        (Magistrate Judge Smyser)
                                       :
WEIS MARKETS, INC.,                    :
TIM WOODITCH,                          :
UNKNOWN EMPLOYEE NO.1,                 :
UNKNOWN EMPLOYEE NO.2,                 :
MATTHEW B. CLAEYS,                     :
CUMBERLAND COUNTY JAIL (WARDEN),:
and TWO UNKNOWN EMPLOYEES,             :
                                       :
            Defendants                 :

## **REPORT AND RECOMMENDATION**

      The plaintiff, proceeding *pro se*, commenced this 42
U.S.C. § 1983 action by filing a complaint on  August 17, 2007.
On July 30, 2009, the plaintiff filed an amended complaint.

      On August 17, 2009, defendants Weis Markets, Inc.,
Wooditch and Unknown Employee No. 1 filed a motion to dismiss
the amended complaint and a brief in support of that motion.
The plaintiff has not filed a brief in opposition to the motion

to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated September 14, 2009, we ordered the plaintiff to file a brief in opposition to the motion to dismiss on or before October 1, 2009. The Order of September 14th warned the plaintiff that if he fails to file a brief in opposition within this time it may be recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff did not file a brief in opposition to the motion to dismiss. However, on September 16, 2009, the plaintiff filed a notice of change of address. By an Order dated October 7, 2009, we again ordered the plaintiff to file a brief in opposition to the motion to dismiss. We ordered that the plaintiff file a brief in opposition on or before October 26, 2009, and we warned the plaintiff that failure to file a brief in opposition within this time will lead to a recommendation that this action be dismissed pursuant to Fed.R.Civ.P. 41(b).

The plaintiff still has not filed a brief in opposition to the motion to dismiss.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court. The plaintiff has failed to prosecute this action and has failed to obey the court's Order of October 7, 2009, and Local Rule 7.6, which requires the filing of an opposition brief. The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court. The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case. The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion. "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." 951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion to dismiss. The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. The plaintiff's failure to comply with the Order of October 7, 2009, indicates that the plaintiff has abandoned this lawsuit.

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b), for the plaintiff's failure to obey Local Rule 7.6 and the Order of October 7, 2009.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated:  November 9, 2009.